```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

DALE M. W. DENNEY,

                Petitioner,

    v.                                        CASE NO. 01-3406-SAC

MIKE NELSON, et al.,

                Respondents.

**O R D E R**

    By an Order dated February 11, 2003, the court adopted the Report and Recommendation of Magistrate Judge Walter and denied petitioner's application for a writ of habeas corpus under 28 U.S.C. 2254, in which petitioner alleged error in his state court conviction on two consolidated cases (Sedgwick County District Court Cases 93-CR-1268 and 83-CR-1343). In an order dated August 6, 2003, the Tenth Circuit Court of Appeals denied petitioner a certificate of appealability and dismissed petitioner's appeal.

    Before the court is petitioner's motion to reinstate this habeas action (Doc. 49), dated August 2, 2005. Petitioner further titles this pleading as "EMERGENCY REINSTATEMENT PLEA" and "JUDICIAL NOTICE OF NEWLY AVAILABLE EVIDENCE OF STATE D.A. AND STATE JUDGE FINALLY ADMITTING TO '<u>NO EVIDENCE</u>' IN CASE NO. 93-CR-1343." Also before the court is petitioner's pleading (Doc. 50), dated August 9, 2005, titled as "JUDICIAL NOTICE OF CITY AND STATE OFFICIALS ACTING IN FURTHERANCE OF A CRIMINAL CONSPIRACY TO DEPRIVE PETITIONER OF HIS LIBERTY" and "MOTION FOR FEDERAL INTERVENTION AND PROTECTION OF PETITIONER'S

CONSTITUTIONAL RIGHTS THROUGH FEDERAL CORRECTIVE PROCEDURES IN FEDERAL HABEAS PROCEDURES."

Petitioner documents a March 2005 Sedgwick District Court order granting petitioner's motion for DNA testing of the physical evidence in one of the consolidated cases, Case No. 93-CR-1268, and denying petitioner's motion for DNA testing in the second, Case No. 93-CR-1343.  The denial of DNA testing in Case No. 93-CR-1343 is based on the state district court's finding that no physical evidence existed which could now be tested. Petitioner reads this court order as a state court finding of no evidence supporting petitioner's conviction in 93-CR-1343, and/or as proof of a criminal conspiracy by the state prosecutor and petitioner's defense counsel to convict petitioner in the two criminal cases.

Petitioner also claims judicial intervention in the collection and presentation of DNA evidence in Case No. 93-CR-1268 is necessary to protect his constitutional rights. Petitioner alleges intentional contamination of his DNA samples, and a coverup of said contamination by state officials. Petitioner seeks a federal court order requiring independent DNA testing, and intervention by federal court to examine petitioner's allegations.

Petitioner's reading of the state court order is strained at best, and petitioner clearly has not yet exhausted state court remedies on any claim of constitutional deprivation regarding the state court's handling of petitioner's motion for DNA testing in either 93-CR-1268 or 93-CR-1343.  Nonetheless, because petitioner essentially seeks relief from the judgment entered in this matter

2

based on new evidence allegedly revealed in the March 2005 state court order,[1] his substantive challenge to either state court conviction and his request for judicial intervention in the reinstated federal petition constitute an attempt to file a "second or successive habeas petition." *See* Gonzalez v. Crosby, 125 S.Ct. 2641 (2005)(motion for relief from judgment seeking to advance substantive claim(s) qualifies as "second or successive habeas petition" under 28 U.S.C. 2244(b)(3)).  Petitioner thus is required to obtain authorization from the Tenth Circuit Court of Appeals before this court can consider petitioner's pleadings. *See*  28 U.S.C. 2244(b)(3) (authorization from the appropriate court of appeals is required before district court can consider a second or successive habeas petition permitted under 28 U.S.C. 2244(b)(2)).

IT IS THEREFORE ORDERED that petitioner's motion for reinstatement of his habeas petition (Doc. 49) and motion for judicial intervention in petitioner's state court proceeding (Doc. 50) are transferred to the Tenth Circuit Court of Appeals, 28 U.S.C. 2244(b)(3).

DATED:  This 16th day of August 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] *See* Fed.R.Civ.P. 60(b)(2)(relief from judgment for newly discovered evidence).

3