IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALE M. W. DENNEY,

                Petitioner,

    v.                                CASE NO. 01-3406-SAC

MIKE NELSON, et al.,

                Respondents.

**O R D E R**

    By an Order dated February 11, 2003, the court adopted the Report and Recommendation of Magistrate Judge Walter and denied petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254. The Tenth Circuit Court of Appeals denied petitioner a certificate of appealability and dismissed petitioner's appeal.

    Petitioner thereafter filed pleadings in this court for the reinstatement of his habeas action. By an order dated August 16, 2005, this court construed petitioner's post-judgment pleadings as an attempt to pursue a second or successive habeas petition without authorization of the Tenth Circuit Court of Appeals, and transferred the action to the circuit court. *See* 28 U.S.C. § 2244(b)(3)(authorization from the appropriate court of appeals is required before district court can consider a second or successive habeas petition permitted under 28 U.S.C. § 2244(b)(2)). On January 9, 2006, the circuit court denied petitioner authorization to file a second or successive § 2254 petition and dismissed the action.

    Before the court is petitioner's motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner

seeks relief from the order entered by this court on August 16, 2005. He challenges this court's refusal to consider the merits of petitioner's claims in his earlier post-judgment motions, and the characterization of said pleadings as a second or successive habeas petition. Having reviewed the record, the court denies petitioner's motion.

Relevant to petitioner's argument that he is entitled to federal habeas review of newly discovered evidence, § 2244(b)(2) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismisses unless...(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the offense." 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). Petitioner's 60(b) motion essentially challenges the circuit court's decision that petitioner's post-judgment pleadings failed to make a prima facie showing that satisfied this statutory standard. However, petitioner is not entitled to appeal that determination, and pleadings attempting to do so are subject to being stricken from the record. *See* 28 U.S.C. § 2254(b)(3)(E)("The grant or denial of an authorization by a court of appeal to file a second or successive application shall not be appealable and shall not be subject of a petition for rehearing or for a writ of certiorari."). Nor may petitioner avoid this statutory restriction by seeking relief in a motion filed under Rule

2

60(b) in the district court.

    Moreover, to any extent petitioner's Rule 60(b) motion can be liberally construed as a motion for relief from a judgment and as properly presenting any claim for this court's consideration, the court finds no showing has been made that would warrant granting such extraordinary relief in this case.

    IT IS THEREFORE ORDERED that petitioner's motion for relief pursuant to Rule 60(b) (Doc. 54) is denied.

    DATED:  This 19th day of July 2006 at Topeka, Kansas.

                                             s/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge